IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:23-cr-63 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| FARHAN JAMI, | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION TO STOP GARNISHMENT (Doc. 42)

This matter is before the Court on Defendant's Motion to Stop Garnishment (Doc. 42). The Government filed a Response in opposition (Doc. 44), to which Defendant filed a Reply in support (Doc. 46). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Stop Garnishment (Doc. 42) is **DENIED**.

## BACKGROUND

Defendant Farhan Jami pleaded guilty to possessing an unregistered firearm—destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5871. (Judgment, Doc. 37, Pg. ID 172.) On March 12, 2024, Defendant was sentenced to 46 months in prison, to be followed by three years of supervised release. (*Id.* at Pg. ID 173-74.) Defendant was also ordered to pay $60,061.85 in restitution. (*Id.* at 177.)

On May 22, 2024, more than two months after Defendant's sentencing, the Government moved pursuant to 28 U.S.C. § 3205(b)(1) for a Writ of Continuing

Garnishment against Defendant's property held in control of JP Morgan Chase Bank, NA ("Garnishee"). (Garnishment Application, Doc. 38, Pg. ID 180-81.) The Government stated that it made its last demand for payment on April 1, 2024, identified Defendant by his full name, last known address, and social security number, provided the nature of the debt owed, and the information for the garnishee. (*Id.*) The Court granted the Government's Motion, (Order, Doc. 39), and issued the writ, (Writ of Continuing Garnishment, Doc. 40).

On June 20, 2024, Defendant filed the present Motion to Stop Garnishment (Doc. 42) and requested a hearing on the Writ, (Doc. 43.) Defendant specifically requested that the Government stop its garnishment efforts because (1) the Government did not notify him of its payment demand and instead served the demand on his sister while he was in jail; (2) his sister tried to set up a payment plan but then the Government filed its writ application; (3) he is incarcerated and has no income; (4) he intends to pay his restitution obligation; and, (5) he never refused to pay. (Motion, Doc. 42, Pg. ID 250.) The Court granted Defendant's Request for a Hearing, (Doc. 43) limited to "whether the Government complied with the notice and service requirements for the issuance of the writ of garnishment." (Order, Doc. 45, Pg. ID 258.) The Government subsequently filed a certificate of service indicating that it mailed the Clerk's Notice of Garnishment and Notice for Instructions for Objection, along with the Writ of Continuing Garnishment, to Defendant on June 3, 2024. (Doc. 49, Pg. ID 269.)

The Court held a hearing on the matter on September 5, 2024. (*See* 09/04/2024 Minute Entry.) During the hearing, Defendant reiterated his arguments about service of

the April 1, 2024, payment demand and the nature of his repayment plan and restitution obligations. The Government argued in response that it served the payment demand based on its most recent information, it otherwise complied with the requirements to concerning garnishment, and Defendant was nevertheless aware of his financial obligations at sentencing.

## LAW & ANALYSIS

The Government may enforce restitution payments in a criminal judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a), (f); *In re Robinson*, 764 F.3d 554, 560 n.1 (6th Cir. 2014). The civil procedures that the Government uses to collect these judgments are outlined in the Federal Debt Collection Procedures Act ("FDCPA"). 28 U.S.C. § 3001(a)(1). The Court is authorized, upon application by the Government, to "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

The Government must include in its application for a writ of garnishment the: (1) judgment debtor's name, social security number, and last known address; (2) nature and amount of the debt owed, and the confirmation that not less than 30 days has elapsed since the payment demand; and (3) the garnishee is believed to possess the debtor's property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3205(b).

A debtor may move to quash the writ of garnishment. *See* 28 U.S.C. § 3202(d). A hearing on this motion is limited to: (1) "the probable validity of any claim of exemption

3

by the judgment debtor"; (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted"; or (3) certain issues that relate to a default judgment. *Id.* §§ 3202(d)(1)-(3). A defendant challenging the garnishment has the burden of showing entitlement to relief. *See United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Defendant contests the notice of the Government's April 1, 2024, payment demand. (Motion to Stop Garnishment, Doc. 42, Pg. ID 250.) He specifically asserts that the Government sent the demand to his sister while he was in Butler County Jail after sentencing, thus denying him a fair opportunity to respond to the demand. (Defendant Response, Doc. 46, Pg. ID 260.)

Defendant's argument is not a basis to quash the Continuing Writ of Garnishment. For starters, the Government provided in its Application for a Writ of Continuing Garnishment that it demanded payment not less than 30 days before applying, Defendant's name, social security number, and last known address, and belief that Garnishee possessed Defendant's property. (Garnishment Application, Doc. 38, Pg. ID 180-81.) This is sufficient for the Government to satisfy its burden under 28 U.S.C. § 3205(b), even if Defendant himself did not receive the demand. *See* 28 U.S.C. §§ 3205(b), (c); *United States v. Johnston*, No. 12-cr-00414-EMC-1, 2023 WL 4827993, at *2 (N.D. Cal. July 27, 2023) (holding that the Government satisfied the requirements of 28 U.S.C. § 3205(b) despite the defendant not receiving notice of its demand for payment).

Nor is Defendant's argument that he was deprived of a fair opportunity to respond to the payment demand persuasive. Defendant was informed during his sentencing that his restitution obligation was due immediately, and that Defendant would pay

4

towards the unpaid portion of his obligation based on his net income and prison employment. (*See* Judgment, Doc. 37, Pg. ID 179.) He thus had actual knowledge of his financial obligations. *See United States v. Akamnonu*, No. 3:12-CR-054-04-L, 2016 WL 3551626, at *1-2 (N.D. Tex. June 30, 2016) (Defendant did not assert a due process violation when the government mailed the contested demand for payment to his former attorney.)

In any event, the Government gave Defendant notice of the writ when it served him with the Clerk's Notice of Garnishment, instructions for objecting, and the writ itself. (*See* Government's Certificate of Service, Doc. 49, Pg. ID 269.) This cured any potential error about notice to Defendant. *See United States v. Lopez*, 672 F. App'x 910, 914 (11th Cir. 2016) (noting that the Government corrected any error about notice by subsequent its compliance with the FDCPA). Defendant also received notice of the writ, since he returned the request for hearing form attached to the writ. (*See* Defendant's Request for a Hearing, Doc. 43, Pg. ID 252; Government's Certificate of Service, Doc. 49, Pg. ID 269-70); *see also United States v. Williams*, No. C17-1048 TSZ, 2017 WL 3479458, at *1-2 (W.D. Wash. Aug. 14, 2017) (noting that the defendant received notice of the writ, since he returned the request for hearing form attached to the notice). Thus, Defendant has not met his burden to show insufficient notice.

Defendant raised other matters outside the limited purview of the garnishment hearing. First, Defendant wants to defer payment until he is released from prison; second, Defendant questions the way the restitution proceeds are being used; third, Defendant questions why he is paying the Bureau of Prisons through a payment plan when the Court is charged with authority over the restitution obligation. (*See* Defendant's

5

Response, Doc. 46, Pg. ID 260-61.)

As noted above, a garnishment hearing is limited to: (1) "the probable validity of any claim of exemption by the judgment debtor"; (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted"; or (3) certain issues that relate to a default judgment. 28 U.S.C. §§ 3202(d)(1)-(3). The statute covers none of these ancillary issues. Also, Defendant's inability to pay his restitution obligation is not a basis to quash the writ of garnishment. *See United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994) (unpublished). But even so, the Court established a payment plan for Defendant to pay his obligation during his sentence that accounted for his net income and employment. (*See* Amended Judgment, Doc. 37, Pg. ID 179.) To the extent to which Defendant challenges the structure of his restitution repayment plan while incarcerated, (*see* Defendant's Response, Doc. 46, Pg. ID 260-61), a garnishment hearing is not the proper outlet to do so. *See United States v. Mannarino*, No. 1:08-CR-481, 2014 WL 2611831, at *4 (N.D. Ohio June 11, 2014). Thus, these issues are not a basis to quash the writ.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Stop Garnishment (Doc. 42).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND